**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| LING HUANG,<br><br>            Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 09-72081<br><br>Agency No. A075-740-304<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Ling Huang, a native of China and a citizen of Indonesia, petitions for
review of the Board of Immigration Appeals' order dismissing her appeal from an
immigration judge's decision denying her application for asylum, withholding of
removal, and protection under the Convention Against Torture ("CAT"). We have

---

       [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The incidents of mistreatment at issue, including the damage to Huang's home and clinic, extortion by police and Muslim groups, stoning of her clinic sign, and vandalism of her church do not compel a finding of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (discrimination and harassment due to petitioner's religious beliefs did not compel finding of past persecution); *Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006) (economic deprivation that did not threaten petitioner's life or freedom did not compel finding of past persecution). In addition, even as a member of a disfavored group, Huang has not demonstrated the requisite individualized risk of persecution. *See Halim v. Holder*, 590 F.3d 971, 977-79 (9th Cir. 2009); *cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Further, Huang has not established a pattern or practice of persecution of ethnic Chinese Christian women in Indonesia. *See Wakkary*, 558 F.3d at 1060-62. Accordingly, we deny the petition as to Huang's asylum claim.

Because Huang has failed to meet the lower standard of proof for asylum, her claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

09-72081

Finally, substantial evidence supports the agency's denial of CAT relief because Huang failed to establish it is more likely than not that she would be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1068.

**PETITION FOR REVIEW DENIED.**